JUAN LÓPEZ, Petitioner, *v.* DISTRICT COURT OF SAN
JUAN, Respondent.

No. 685.   Argued December 18, 1929.—Decided January 31, 1930.

*Dubón & Ochoteco,* for the petitioner.   *G. González Silva,* for the
respondent to the writ of habeas corpus.

MR. JUSTICE WOLF delivered the opinion of the court.

A writ of certiorari was issued by us.

The District Court of San Juan in a habeas corpus pro-
ceeding awarded the custody of a child to its natural father
and took the custody away from its mother.   The latter ap-
pealed.   The father, petitioner, asked that the custody of the
child be awarded to him pending the appeal.   The District
Court of San Juan refused to turn over the child to the pe-
titioner because of the civil nature of the proceeding, hold-
ing that such a civil proceeding was governed by section 297
of the Code of Civil Procedure, and citing the case of *Muñoz*
v. *Montañez,* 37 P.R.R. 298.   On its face the cited case ap-
pears to hold that execution is suspended in all cases of a
civil nature, but the case was not one in habeas corpus.   Sec-
tion 297 provides:

"Whenever an appeal is perfected, it stays all further proceed-
ings in the court below, upon the judgment or order appealed from,
or upon the matters embraced therein; but the court below may
proceed upon any other matter embraced in the action, and not af-
fected by the order appealed from."

Section 50 of the same Code provides:

"The word 'action' as used in this Title, is to be construed, whenever it is necessary so to do, as including a special proceeding of a civil nature."

The inquiry in this case, therefore, is whether a habeas corpus proceeding for the custody of a child is included in an "action" as above defined.

We agree with the petitioner that the writ of habeas corpus, whether to secure the possession or custody of a child, or to release a prisoner, charged with crime, is essentially and historically a proceeding to obtain the liberty of the person under custody. Ordinarily, or as a rule, the liberty of a child is best promoted when it is under the control of the person who is legally entitled to the custody. The same idea of "liberty" is involved when the well-being of a child requires it to be placed elsewhere. Presumptively the liberty of the child in this case is best promoted by placing it where the lower court said it belonged. We find no reason to distinguish a writ to obtain possession of a child from any other writ of habeas corpus. The Habeas Corpus Chapter of the Code of Criminal Procedure makes no such distinction.

Appeals in habeas corpus proceedings are governed by a law passed in 1903. The Code of Civil Procedure was passed in 1904. We find nothing in this general law that showed an intention to repeal anything contained in the special procedure law of 1903. It is a familiar principle that a special statute is not repealed unless it can not stand alongside of a general one.

Under the law of 1903, specifically only certain cases are not suspended. Section 2 provides:

"An appeal from a final order discharging a prisoner committed upon a criminal accusation or admitting him to bail may be taken in the name of the people of Porto Rico either by the district attorney of the proper district, or by the fiscal of the supreme court, or by the attorney general, or by the counsel duly authorized by the attorney general. An appeal so taken from an order admitting a prisoner to bail or reducing the amount thereof shall not stay the discharge of the prisoner upon bail."

Nevertheless, we find nothing in the whole body of the law that shows any intention of suspending execution when a prisoner is discharged or the custody of a child is obtained. Section 2 only lays emphasis on certain cases.

We likewise agree with the petitioner that when the "liberty" or change of custody is decreed, justice would require that the judgment of the court, presumptively right, be carried into effect.

Section 50 of the Code of Civil Procedure, as we have seen, would only include a special proceeding within the term "action", "whenever it is necessary so to do." For the purpose of a supersedeas, not only do we not find it necessary to include a habeas corpus proceeding within section 297 or within the field of "action", but we find it unwise and unnecessary. The rules governing habeas corpus proceedings have been placed in the Code of Criminal Procedure, which is an indication that the Legislature did not regard them so especially civil as to fall always within the "action" described in section 50.

Assuming that an appeal would have been available in this case, nevertheless the facts justify the speedier remedy by certiorari.

The order of November 27, 1929, refusing to transfer the custody, should be annulled and the court left free to make any other order not inconsistent with this opinion.